

FILED

2005 MAY 19  PM 4: 04

CLERK ...
NORTHERN DISTRICT ...
CLEVELAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **MARC P. GERTZ,** | )    **Case No.  4:05 MC 29** |
| | ) |
| **Plaintiff,** | )    **Judge Dan Aaron Polster** |
| | ) |
| **vs.** | )    **ORDER** |
| | ) |
| **BONDY & SCHLOSS, LLP, et al.,** | ) |
| | ) |
| **Defendant.** | ) |

This matter is before the Court on the Motion of Defendants Bondy & Schloss

LLP and Jeffrey Rinde for an Order Withdrawing the Bankruptcy Reference Pursuant to 28

U.S.C. § 157(D) (the "Motion"). The Motion is **GRANTED** for the following reason.

Marc P. Gertz, trustee for the bankruptcy estate of Debtor Infotopia, Inc. in Case

No. 02-44356 in the Eastern Division of the United States Bankruptcy Court for the Northern

District of Ohio, filed an adversary complaint against Defendants on February 4, 2005. *Affidavit*

*in Support of Motion ("Affidavit"), Ex. 1.* The complaint alleges three claims.  The first two

claims allege that, during the one-year period immediately preceding the commencement of the

Debtor's Chapter 11 proceeding, the Debtor fraudulently transferred to Defendants money or

property having a value in excess of $540,000 in violation of 11 U.S.C. §§ 548(a)(1)(A) (Count

I) and 548(a)(1)(B) (Count II). *Id.* ¶¶5-14. Count III alleges that, during the four-year period

immediately preceding the commencement of the Debtor's case, the Debtor made the same

transfers to Defendants in violation of O.R.C. §§ 1336 based on Defendants' alleged status as

"insiders." *Id.* ¶¶ 15-22. On March 9, 2005, Defendants filed an Answer to Complaint and

Demand for a Jury Trial Before the United States District Court. *Affidavit, Ex. 2.* The next day,

Defendants filed the instant Motion.

The Court held a telephone conference with counsel in this miscellaneous case on

May 18, 2005 at which time the Court informed counsel that he was granting the Motion. As a

formality, the Court sets forth the reason for its ruling below.

The adversary complaint alleges three fraudulent transfer claims against

Defendants – two federal claims and one state law claim. Under the pertinent provisions of 28

U.S.C. § 157,

> (d) The district court may withdraw, in whole or in part, any case
> or proceeding referred under this section, on its own motion or on
> timely motion of any party, for cause shown. The district court
> shall, on timely motion of a party, so withdraw a proceeding if the
> court determines that resolution of a proceeding requires
> consideration of both title 11 and other laws of the United States
> regulating organizations or activities affecting interstate commerce.
>
> (e) If the right to a jury trial applies in a proceeding that may be
> heard under this section by a bankruptcy judge, the bankruptcy
> judge may conduct the jury trial if specially designated to exercise
> such jurisdiction by the district court and with the express consent
> of all the parties.

*Id.* Cause may exist where a movant's right to a jury trial dictates that the reference be

withdrawn. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 47-48 (1989). A party against

-2-

whom legal action has been brought to recover monetary damages and who has never filed a

claim against the estate is entitled to a jury trial under the Seventh Amendment to the United

States Constitution, notwithstanding Congress' characterization of the action as a core

proceeding.  *Id.* at 36, 57-58.  *See also Langenkamp v. Culp,* 498 U.S. 42, 45 (1990).

It is undisputed that the Trustee has brought a legal action to recover monetary

damages against Defendants and that Defendants have never filed a claim against the estate.

Consequently, they are constitutionally entitled to a jury trial.[1]  It is also undisputed that

Defendants have not waived that right.  A bankruptcy court cannot conduct a jury trial without

the express consent of all the parties.  28 U.S.C. § 157(e).  Because Defendants Bondy & Schloss

LLP and Attorney Rinde do not consent to a jury trial in bankruptcy court, the claims must be

tried in the district court.  Moreover, judicial economy would be promoted by trying the

interlocking state and federal claims at one time.

Accordingly, the Motion is hereby **GRANTED**.

Furthermore, a telephone conference has been scheduled in this case for <u>June 2,</u>

<u>2005 at 3:00 p.m.</u>  Defense counsel shall arrange the conference call.

**IT IS SO ORDERED.**

**Dan Aaron Polster**
**United States District Judge**

---

[1]Whether the bankruptcy claim carries a jury trial right, there is no dispute that the state law claim carries a jury trial right.